IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Action No. 01-cv-01708-LTB-MJW

DAVID A. SORBO,

    Plaintiff,

v.

UNITED PARCEL SERVICE,

    Defendant.
_____

ORDER
_____

    This case is before me on the following motions:  1) Defendant United Parcel Service's ("UPS") Corrected Motion to Review Clerk's Taxation of Costs; and 2) Plaintiff David A. Sorbo's ("Sorbo") Motion to Review Clerk's Taxation of Costs.  Oral argument would not materially assist in the determination of these motions.  After consideration of the motions, the supporting briefs and all related pleadings, as well as the case file, I grant UPS's motion in part and deny Sorbo's motion in its entirety as set forth below.

**I. Background**

    On October 6, 2003,  I granted summary judgment in favor of UPS and dismissed all of Sorbo's employment discrimination claims with prejudice.  I also ordered that final judgment enter in favor of UPS and that UPS be awarded its costs.

    UPS then submitted its initial Bill of Costs whereby it requested costs in the amount of $52,461.87.  A hearing on UPS's Bill of Costs was held by the Deputy Clerk after which UPS was directed to submit a Revised Bill of Costs.  Accordingly, UPS submitted a Revised Bill of

Costs whereby it requested costs in the amount of $ 8,386.80. The Deputy Clerk then taxed judgment for costs in favor of UPS in this amount.

Both UPS and Sorbo sought review of the Deputy Clerk's award of costs to UPS. Following this review, I concluded that UPS was entitled to additional costs and entered judgment in its favor for costs in the amount of $52,461.87. Sorbo then sought review of this judgment on appeal. In *Sorbo v. United Parcel Serv.,* 432 F.3d 1169 (10th Cir. 2005), the Tenth Circuit reversed the judgment awarding costs in the amount of $52,461.87 to UPS on the basis that it included items not recoverable under 28 U.S.C. § 1920 and remanded the case back to me for further proceedings. I then ordered UPS to submit a Revised Bill of Costs excluding those amounts held not to be recoverable by the Tenth Circuit.

UPS submitted a second Revised Bill of Costs whereby it requested costs in the amount of $25,516.16. The Deputy Clerk again directed UPS to file another Revised Bill of Costs. Accordingly, UPS filed a third Revised Bill of Costs whereby it requested costs in the amount of $8,426.29. The Deputy Clerk then taxed judgment for costs in favor of UPS in this amount.

On review, UPS requests entry of judgment in the amount of $25,516.16 as reflected in its second Revised Bill of Costs while Sorbo seeks to vacate or reduce the amount of costs taxed in favor of UPS by the Deputy Clerk.

## II. Analysis

**A.  Issues Raised by UPS's Corrected Motion to Review Clerk's Taxation of Costs**

In directing UPS to submit its third Revised Bill of Costs, the Deputy Clerk limited UPS to the recovery of those costs associated with its motions for summary judgment. In its motion for review, UPS argues that limiting its costs in this manner is unduly restrictive and that further

costs may and should be awarded to it pursuant to 28 U.S.C. § 1920. Specifically, UPS seeks to recover additional costs in the categories of deposition transcripts, printing and copying charges, and witness fees.

As noted in my previous order awarding additional costs to UPS, the actual use of materials by counsel or the court use is not required to support a finding of necessity and an award of costs. *Callicrate v. Farmland Industries, Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998). Instead, I assess whether an incurred cost was reasonably necessary "in light of the facts known to the parties at the time the expenses were incurred." *Id.* at 1340. In view of the history of this case, I must also be mindful that it would be inequitable to essentially penalize UPS for prevailing on summary judgment by not awarding costs associated with discovery that had no bearing on that motion, but which appeared otherwise necessary at the time for proper preparation of the case. *Id.*

Applying these standards, I conclude that UPS may recover costs beyond those which it incurred in connection with its motions for summary judgment. UPS has failed, however, to fully limit its costs as directed by the Tenth Circuit and my previous Order, and the amount of costs requested in UPS's second Revised Bill of Costs must be reduced accordingly.

UPS first requests an award of $19,188.48 for fees of the court reporter for all or any part of the transcript necessarily obtained for use in the case. While such fees are specifically authorized by 28 U.S.C. § 1920(2), an analysis of the supporting documentation clearly demonstrates that UPS has improperly included within this amount expert witness fees; "appearance fees," which may well be in excess of the amounts authorized by 28 U.S.C. § 1821(b) and duplicative of the witness fees that UPS seeks to recover under a separate category;

and copying costs that may likewise be duplicative of costs that UPS seeks to recover under a separate category. *See Sorbo*, *supra*, 432 F.3d at 179-80. Because it is impossible for me to determine which of the deposition costs reflected in UPS's supporting documentation are strictly for the transcript costs recoverable under 28 U.S.C. § 1920(2), I decline to award UPS additional costs in this category.

With regard to copying costs, UPS's supporting documentation shows that it has improperly included redacting costs in addition to costs for printing and copying as authorized by 28 U.S.C. § 1920(3) & (4). *See Sorbo*, *supra*, 432 F.3d at 1180 n. 9. Accordingly, after eliminating those costs that may include redacting costs (ie. $829.71 of the total amount of copying costs requested), I conclude that UPS is entitled to additional copying and printing costs in the amount of $3,926.88.

Finally, I conclude that UPS is entitled to additional witness fees as authorized by 28 U.S.C. § 1920(3) in the amount of $160.00.

**B. Issues Raised by Sorbo's Corrected Motion to Review Clerk's Taxation of Costs**

In his motion, Sorbo argues that either no costs should be awarded to UPS or, alternatively, that the amount of costs taxed in favor or UPS should be reduced. In support of this argument, Sorbo attempts to re-argue the merits of the case with particular emphasis on UPS's Motion for Partial Summary Judgment. Because I granted UPS's Motion for Summary Judgment and thereby dismissed all of Sorbo's claims against UPS, I never addressed the merits of UPS's Motion for Partial Summary Judgment and find it unnecessary to do so now in the context of a limited award of costs in favor of UPS. Accordingly, there is no basis on which to vacate or reduce the amount of costs taxed in favor or UPS.

For the reasons set forth above, IT IS ORDERED that:

1) Defendant UPS's Corrected Motion to Review Clerk's Taxation of Costs [Doc # 288] is GRANTED IN PART and DENIED IN PART;

2) Plaintiff Sorbo's Motion for Review of Motion to Review Clerk's Taxation of Costs [Doc # 290] is DENIED; and

3) Judgment shall enter against Plaintiff Sorbo and in favor of Defendant UPS for costs in the total amount of $12,513.17.

Dated: May   18  , 2006 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, CHIEF JUDGE